IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN T. WALKER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| | ) FILE NO.: 1:15-CV-3602-WSD |
| v. | ) |
| | ) |
| CHIQUITI A. DEAN, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT CHIQUITI A. DEAN'S BRIEF IN SUPPORT OF
HER MOTION TO DISMISS**

Chiquiti A. Dean ("Ms. Dean") submits this brief in support of her Motion to Dismiss, showing this Court as follows:

**INTRODUCTION**

Plaintiff, a convicted felon, alleges that Defendants committed tortious acts against him, arising under state law, by voiding a petition for the early termination of his parole.[1] Because the Georgia Tort Claims Act, O.C.G.A. § 50-21-21 *et seq.*, (the "GTCA") prohibits actions against state employees sued in their individual

---

[1] Plaintiff also initially asserted a number of claims arising under federal law and the United States Constitution. However, prior to the filing of this motion Plaintiff moved for the Court to permit him to withdraw all federal law claims, thus these claims are not addressed in this motion. (Docs. 3 and 3-1.) Defendant reserves the right to address these claims at a later time, should they not in fact be withdrawn.

capacities, Plaintiff's state law claims against the Individual Defendants must be dismissed. (Doc. 1-1, Counts One, Two, Three, and Eight.)

## ALLEGATIONS OF FACT RELEVANT TO THIS MOTION

On February 3, 2011, Plaintiff John T. Walker, Jr. ("Plaintiff") pled guilty to felony crimes on February 3, 2011 and was sentenced to probation for a five-year term. (Doc. 1-1, ¶ 12.) On or about September 10, 2013, Plaintiff alleges that the Morrow Probation Office submitted a petition for early termination of his probation to the Clayton County Superior Court. (Doc. 1-1, ¶ 18.) Plaintiff further alleges that an order granting this early termination was executed by the court in September of 2013. (Doc. 1-1, ¶ 19.)

Thereafter, prior to being filed with the clerk of court, Plaintiff alleges that the order was destroyed by the Chief Probation Officer of the Morrow Probation Office, Defendant Chiquiti Dean. (Doc. 1-1, ¶ 20.) Plaintiff alleges that it was a routine practice of the Morrow Probation Office to destroy signed orders that had not yet been stamp-filed, if the orders were erroneous or needed corrections. (Doc. 1-1, ¶¶ 29 and 30.) In contrast to Plaintiff's allegations, Ms. Dean testified under oath that she destroyed an early termination petition prepared by the probation office *before* it was submitted to the judge. (Doc. 1-1, ¶ 39.) According to Plaintiff,

Ms. Dean maintains that Plaintiff was not eligible for early termination of probation, because he was a "high profile" case. (Doc. 1-1, ¶ 40.)

After learning from former probation officer Andrew Scott that the early termination petition was never filed, Plaintiff moved for the judge to make a determination as to whether his probation had in fact been terminated (Doc. 1-1, ¶¶ 23 and 44.) The court held a two-day hearing and determined by a preponderance of the evidence that it was more likely than not that the court signed an order terminating Plaintiff's probation in September of 2013, and that the order was picked up by probation but never filed. (Doc. 1-1, ¶¶ 45 and 46.)

Thereafter, on May 14, 2014, Plaintiff was indicted and arrested for the crimes of tax evasion, filing false documents, and unlawful filing of false documents. (Doc. 1-1, ¶ 47.) Plaintiff alleges that Ms. Dean contacted him under the pretext of considering his petition for early termination of probation, and that she instead obtained his employment and payment information so that she could unlawfully transmit the records to the District Attorney for use in a criminal investigation against Plaintiff. (Doc. 1-1, ¶¶ 55 and 56.) According to Plaintiff, Ms. Dean claims that she was following instructions from the District Attorney (Doc. 1-1, ¶ 55.)

Based upon the foregoing facts, Plaintiff alleges that Ms. Dean and others acting in concert with her committed the torts of misfeasance (Count 1), nonfeasance (Count 2), and negligence per se (Count 3). (Doc. 1-1, ¶¶ 73-104.) However, Plaintiff does not plead any facts indicating how Ms. Dean's actions fall outside the scope of her employment. Thus, the foregoing facts are insufficient to state a claim against Ms. Dean.

## ARGUMENT AND CITATION OF AUTHORITIES

### I. Legal Standard for Dismissal

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'

*Id.* (citations omitted).

The Court in *Iqbal* identified two principles that a court must follow when ruling on a motion to dismiss: (1) "the tenant that a court must accept as true all of

the allegations contained in a complaint is inapplicable to legal conclusions"; and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 678-79. This means that the complaint must plead specific facts showing that it is plausible that the defendant is liable to the plaintiff under the causes of actions asserted in the complaint. *See id.* "[B]are assertions [which] amount to nothing more than a 'formulaic recitation of the elements' of" a claim are insufficient to survive a motion to dismiss. *Id.* at 681.

Documents attached to the complaint are treated as part of the allegations. *Solis-Ramirez v. U.S. Dept. of Justice,* 758 F.2d 1426, 1430 (11th Cir. 1985). Further, unsupported conclusions of law or of mixed fact and law will not prevent a dismissal. *Marsh v. Butler County,* 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).Under these standards, Plaintiff's state law claims should be dismissed.

## II. Plaintiff's claims are barred by the GTCA.

"A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor." O.C.G.A. § 50-21-25(a); *see also* Ga. Const. art.1 § 2, ¶ 9(d). Therefore, if Chiquiti Dean, Ivrekia Stanley, and Matthew Lawrimore (the "Individual Defendants") were "acting within the scope of [their] official duties or employment," then immunity is mandated by the GTCA and the Georgia

5

Constitution. It is axiomatic that a government employee acts in the course of his or her state employment when he or she provides a service that his or her state employer requires him or her to provide. Plaintiff's allegations reveal that the Individual Defendants' actions were within the scope of their official governmental duties and in line with the principles supporting immunity.

The sovereign immunity of the State of Georgia and the official immunity of its officers and employees are governed by the Georgia Constitution and by the GTCA.  In 1991, the Constitution was amended to balance "[s]trict application of the doctrine of sovereign immunity [with] the necessity to allow the State government 'flexibility' in order to provide a broad range of public services with limited exposure to monetary liability, which would deplete the State's coffers." *Howard v. State*, 226 Ga. App. 543, 543 (1997) (citations omitted).  The 1991 amendment authorized the General Assembly to create a tort claims act "to provide by law for procedures for the making, handling, and disposition of actions or claims against the state…upon such terms and subject to such conditions and limitations as the General Assembly may provide." Ga. Const. art.1, § 2, ¶ 9(a).

The General Assembly subsequently enacted the GTCA, specifying the terms and limitations of the waiver of state sovereign immunity.  The GTCA provides: "[I]t is declared to be the public policy of this state that the *state shall*

*only be liable in tort actions within the limitations of this article* and in accordance with the fair and uniform principles within this article." O.C.G.A. § 50-21-21(a) (emphasis added). "The state waives its sovereign immunity *only to the extent and in the manner provided in this article*," and specifies that the GTCA is "the *exclusive remedy* for any tort committed by a state officer or employee." O.C.G.A. § 50-21-23(b) (emphasis added); O.C.G.A. § 50-21-21(a).

Moreover, the Georgia Constitution specifically provides for the immunity of state government officials. Ga. Const. art. I, § 2, ¶ 9(d). Official immunity cannot be waived, and exceptions to immunity must be strictly construed and applied narrowly because of immunity's constitutional status. *See* Ga. Const. Art. I, § 2, ¶ 9(d); *Bonner v. Peterson*, 301 Ga. App. 443, 451 (2009). The GTCA provides that each state official and employee is immune from suit for torts committed "while acting within the scope of his or her official duties or employment." O.C.G.A. § 50-21-25.[2] The GTCA also explicitly states that a Plaintiff shall not name a state employee individually for allegedly tortious acts, but may only name the state agency by which the individual is employed. O.C.G.A. § 50-21-25. "Scope of employment" is construed broadly and encompasses a wide range of conduct related to state employment. *See Massey v.*

---

[2] The GTCA eliminated the discretionary versus ministerial distinction contained in the Georgia Constitution for State government official immunity.

*Roth*, 290 Ga. App. 496, 498 (2008). Thus, assuming Plaintiff is entitled to recover at all, his sole remedy for any negligence of the Individual Defendants is against the Department of Corrections, the state agency employing the Individual Defendants. *See* O.C.G.A. § 50-21-25.

Because the GTCA does not permit actions against state employees sued in their individual capacities, Plaintiff's state law claims against the Individual Defendants must be dismissed. (Doc. 1-1, Counts One, Two, Three, and Eight.)

## CONCLUSION

For the foregoing reasons, Defendant Chiquiti A. Dean respectfully prays that Plaintiff's state law claims be dismissed.

Respectfully submitted, this 15th day of October, 2015.

**OWEN, GLEATON, EGAN, JONES & SWEENEY, L.L.P.**

/s/ Annarita L. McGovern
ANNARITA L. McGOVERN
Georgia State Bar No. 098141
/s/ Derrick L. Bingham
DERRICK L. BINGHAM
Georgia State Bar No. 141217
/s/ Joshua Myles
JOSHUA MYLES
Georgia State Bar No. 726640
***Counsel for Defendant Chiquiti A. Dean***

1180 Peachtree Street, N.E.
Suite 3000

Atlanta, Georgia 30309
Telephone: 404.688.2600
Facsimile: 404.525.4347
amcgovern@OG-Law.com
bingham@OG-Law.com
jmyles@OG-Law.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman type face.

This the 15th day of October, 2015.

                                  **OWEN, GLEATON, EGAN,**
                                      **JONES & SWEENEY, L.L.P.**

                                  /s/ Annarita L. McGovern
                                  ANNARITA L. McGOVERN
                                  Georgia State Bar No. 098141
                                  ***Counsel for Defendant Chiquiti A. Dean***

1180 Peachtree Street, N.E.
Suite 3000
Atlanta, Georgia 30309
Telephone: 404.688.2600
Facsimile: 404.525.4347
amcgovern@OG-Law.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the within and foregoing **DEFENDANT CHIQUITI A. DEAN'S BRIEF IN SUPPORT OF HER MOTION TO DISMISS** with the clerk of court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Wayne B. Kendall
155 Bradford Square
Suite B
Fayetteville, GA 30215

Paul A. Henefeld, Esq.
Appelbaum & Henefeld, P.C.
9 Lenox Pointe NE, Suite B
Atlanta, GA 30324
Telephone: 404-841-1275
Facsimile: 404-841-0248
pah@aps-law.com

Vincent A. Toreno
229 Peachtree Street
International Tower
Suite 950
Atlanta, GA 30303
Telephone: 404-446-4476
Vince.toreno@kendavidlaw.com

Loretta L. Pinkston
40 Capitol Square
Atlanta, Georgia 30334
Telephone: 404-656-3370
Facsimile: 404.525.4347

This the 15th day of October, 2015.

                        **OWEN, GLEATON, EGAN,**
                            **JONES & SWEENEY, L.L.P.**

                        <u>/s/ Annarita L. McGovern</u>
                        ANNARITA L. McGOVERN
                        Georgia State Bar No. 098141
                        ***Counsel for Defendant Chiquiti A. Dean***

1180 Peachtree Street, N.E.
Suite 3000
Atlanta, Georgia 30309
Telephone: 404.688.2600
Facsimile: 404.525.4347
amcgovern@OG-Law.com