IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN T. WALKER, Jr. | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.:  1:15-cv-03602-WSD |
| | ) | |
| v. | ) | |
| | ) | |
| CHIQUITI A. DEAN, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT DEAN, STANLEY AND LAWRIMORE'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FEDERAL CLAIMS

COME NOW Defendants Dean, Stanley and Lawrimore (hereinafter "Defendants"), and file this Brief in Support of Their Motion to Dismiss Plaintiff's Federal Claims, showing this Honorable Court as follows:

## PROCEDURAL HISTORY

Plaintiff brings this suit for alleged violation of Georgia State law (Counts 1 through 3) and under 42 U.S.C. §§ 1983 and 1985 (Counts 4 through 6) alleging violations of his Fourth and Fourteenth Amendment rights.  Plaintiff filed his Complaint in the Superior Court of Clayton County.  (Doc. 1-1).  Co-Defendant Georgia Department of Corrections filed an Answer in Clayton Superior Court.  The Defendants then removed the case to federal court.  (Doc. 1).  On October 15,

2015, Defendants Lawrimore, Stanley and Dean filed an Answer to Plaintiff's Complaint. (See, Docs. 4, 5 and 9). On the same day Defendants filed their Answers, Plaintiff filed a Notice of Filing Amended Complaint for Damages or, in the Alternative, Motion for Leave to Amend Complaint for Damages and a memorandum of Law in Support Thereof, dropping all federal claims against Defendants, leaving only his state law claims remaining. (Doc. 3). Plaintiff also filed a Motion to Remand the case to State Court. (Doc. 7). After Plaintiff dropped all of his federal claims, Defendants Lawrimore, Stanley and Dean filed a Motion to Dismiss Plaintiff's state law claims against them pursuant to the Georgia Tort Claims Act. (Doc. 6, Doc. 8, Doc. 10)[1]. Plaintiff then withdrew his motion to amend his Complaint. (Doc. 15). Since Plaintiff withdrew his motion to amend his Complaint, Plaintiff's federal claims were presumably reasserted against Defendants. Defendants Lawrimore, Stanley and Dean now move to dismiss Plaintiff's federal claims against them.

## STATEMENT OF FACTS

On February 3, 2011, Plaintiff John T. Walker, Jr. ("Plaintiff") pled guilty to felony crimes and was sentenced to probation for a five-year term. (Doc. 1-1, ¶ 12). On or about September 10, 2013, Plaintiff alleges that he submitted a petition

---

[1] All Defendants reserved the right to address the federal claims should they

2

for early termination of his probation to the Clayton County Superior Court.  (Doc. 1-1, ¶ 18).  Plaintiff further alleges that an order granting this early termination was executed by the court in September of 2013.  (Doc. 1-1, ¶ 19).

Thereafter, prior to being filed with the clerk of court, Plaintiff alleges that the order was destroyed by the Chief Probation Officer of the Morrow Probation Office, Defendant Chiquiti Dean.  (Doc. 1-1, ¶ 20).  Plaintiff alleges that it was a routine practice of the Morrow Probation Office to destroy signed orders that had not yet been file-stamped if the orders were erroneous or needed corrections.  (Doc 1-1, ¶¶ 29 and 30).  In contrast to Plaintiff's allegations, Ms. Dean testified under oath that she destroyed an early termination petition prepared by the probation office *before* it was submitted to the judge.  (Doc. 1-1, ¶ 39).  According to Plaintiff, Ms. Dean maintains that Plaintiff was not eligible for early termination of probation because he was a "high profile" case.  (Doc. 1-1, ¶ 40).

Plaintiff contends he was wrongfully indicted and arrested on May 14, 2014 based on new crimes of tax evasion and filing false documents.  (Id. at ¶ 47). Those charges are currently still pending.  (Id. at  ¶ 48).  Plaintiff alleges that Defendant Dean contacted him under the pretext of considering his petition for early termination of probation and requested Plaintiff to appear at the probation

not be withdrawn.  (Doc. 6, Doc.8, Doc. 10).

office and present evidence of his proof of employment and proof of earnings. (Id. at ¶ 50). Defendant Dean then sent the documentation to the District Attorney's office. (Id. at ¶ 56). The documentation led to Plaintiff's arrest for tax evasion and filing false documents. (Id. at ¶57). Plaintiff contends Georgia statutes and GEC operating procedures prohibited the request for documentation by Defendant Dean or her dissemination of same. See (Id. at ¶¶ 50-56). Plaintiff contends this amounted to a warrantless search of his personal papers. (Id. at ¶ 59).

The individual Defendants, Dean, Stanley and Lawrimore, are sued in their individual capacities as probation officers and at all relevant times were employed with the Morrow Probation office of the Georgia Department of Corrections. (Id. at ¶¶ 2-5). Plaintiff alleges that Defendant Matthew Lawrimore issued an arrest warrant without probable cause for a probation revocation. (Id. at ¶¶ 60 and 61). Plaintiff alleges that the arrest warrant was facially invalid because it failed to contain an oath or affirmation. (Id. at ¶¶ 60-62). Plaintiff alleges that Defendant Ivrekia Stanley prepared and filed a violation of probation petition maliciously and without probable cause, and that she sent an e-mail to the District Attorney's office concerning the revocation hearing. (Id. at ¶¶ 60-66). Plaintiff contends that Defendants Lawrimore and Stanley had access to the SCRIBE data entry system and that Defendant Lawrimore and Stanley could have determined Plaintiff was

4

terminated off probation had they reviewed the SCRIBE system before they issued

the arrest warrant and probation revocation petition. (Id. at ¶ 150). Plaintiff

alleges that Defendant Dean allegedly destroyed an order terminating Plaintiff's

probation that had been signed by a judge but not filed with the clerk, ordered

Plaintiff to present proof of employment and earnings without authority, and then

transmitted those records to the District Attorney's office and testified falsely at

Plaintiff's revocation hearing. (Id. at ¶¶ 18-21, 50, 56). All of Defendants' actions

were associated with Plaintiff's probation.

Plaintiff's federal claims against Defendants must be dismissed. First,

Defendants are entitled to absolute immunity from Plaintiff's claims as a probation

officer alleged to have committed violations associated with enforcing Plaintiff's

probation. Further, Plaintiff fails to state a claim against Defendants for false

arrest, malicious prosecution and conspiracy to violate Plaintiff's civil rights.

Finally, Defendants are entitled to qualified immunity

## ARGUMENT AND CITATION OF AUTHORITY

### 1. Defendants are Entitled to Absolute Quasi-Judicial/Prosecutorial Immunity from all of Plaintiff's claims.

Defendants are entitled to absolute quasi-judicial/prosecutorial immunity for all

their alleged actions. In Imbler v. Pachtman, 424 U.S. 409, 427-428, 96 S.Ct. 984

(1976), the Supreme Court concluded that traditional common law immunities for

5

prosecutors, which derive from immunities recognized for judges, applied to civil cases brought under 42 U.S.C. § 1983.  The Court explained that the common law gives absolute immunity in § 1983 actions for activities that are "intimately associated with the judicial phase of the criminal process."  Id. at 430.

A functional approach has developed to determine whether public officials should be granted absolute immunity for taking particular actions.  Jones v. Cannon, 174 F.3d 1271, 1282 (11th Cir. 1999).  This functional approach looks to the nature of the function performed, not to the identity of the person who performed it.  Buckley v. Fitzsimmons, 509 U.S. 259, 269, 113 S.Ct. 2606 (1993).  Under this functional analysis, public officers, including probation officers, are entitled to absolute immunity for functions intimately associated with the judicial process.  Hughes v. Chesser, 731 F.2d. 1489, 1490 (11th Cir. 1984).

Subsequent court decisions have established the functions and activities that qualify for absolute immunity.  Immunity extends to probation and parole decisions.  The 11th Circuit has reasoned that "parole decisions are the continuation of the sentencing process."  Allen v. Thompson, 815 F.2d 1433, 1434 (11th Cir. 1987).  The 11th Circuit added, "While not undertaken literally at the direction of the Court, these activities are so intimately associated with the judicial phase of the criminal process as to cloak the prosecutors with absolute immunity from suits for

damages." Id.  Prosecutorial immunity is not limited solely to prosecutors.

Probation officers are entitled to absolute immunity for the preparation and

submission of parole reports because the "report is an integral part of the

sentencing process, and in preparing the report the probation officer acts at the

discretion of the court." Hughes v. Chesser, 731 F.2d. at 1490.

The reasons to give absolute immunity to probation officers have been

explained by this Court in Dorman v. Simpson, 893 F.Supp. 1073 (N.D.Ga. 1995).

This Court reasoned that, "If probation officers are held personally liable as

guarantors of the information provided them, they become hesitant to bring forth

some of the information they have collected." Id. at 1081.  Moreover, "given the

propensity of prisoners to file lawsuits challenging all aspects of the proceedings

against them, we feel the need for the federal probation officer to have absolute

immunity from a civil suit for damages." Id.[2]  Further, the U.S. Supreme Court

concluded that "in this instance it has been thought in the end better to leave

unredressed the wrongs done by dishonest officers than to subject those who try to

---

[2]In Dorman, *supra*, this Court explained that there is "little risk" associated
with providing absolute immunity to parole officers who revoke parole because
there are "a number of procedural safeguards designed to insure that a prisoner's
parole is not violated based on accidentally false or insufficient evidence,"
including a parole revocation hearing, writ of *habeas corpus* and appeal. Id. at
1081-1082.  Courts treat revocations the same, whether they involve probation,
parole or supervised release. U.S. v. Frazier, 26 F.3d 110, 113 (11th Cir. 1994).

do their duty to the constant dread of retaliation." <u>Imbler</u> at 424 U.S. at 427-28

(quoting <u>Gregoire v. Biddle</u>, 177 F.2d. 579, 581 (2nd Cir. 1949) (L. Hand, J.).

This Court provided absolute immunity to a probation officer for the

function of issuing an arrest warrant without probable cause. <u>Dorman</u>, 893 F.Supp.

at 1082. The Court ruled that probation officers should be afforded absolute

immunity for their function in issuing violator warrants because it is a quasi-

judicial function. <u>Id</u>.

The 11th Circuit has granted parole officers absolute immunity for initiating

and testifying at parole revocation hearings. In <u>Holmes v. Crosby</u>, 418 F.3d 1256

(11th Cir. 2005), the plaintiff alleged that parole officers falsely issued an arrest

warrant, falsely filed a petition to revoke parole and testified falsely at the

probation revocation hearing, causing his parole to be revoked. The 11th Circuit

granted absolute immunity to the parole officers. <u>Id</u>. at 1258. In <u>Allen v.

Thompson</u>, 815 F.2d. 1433 (11th Cir. 1987), the 11th Circuit also granted absolute

immunity for writing a letter to the Bureau of Prisons and Parole Commission,

falsely advising that plaintiff was guilty of additional drug trafficking for which he

had not been charged nor convicted and as a result, his parole was extended. The

Court reasoned that parole decisions are the continuation of the sentencing process.

<u>Id</u>. at 1434. In <u>Hughes v. Chesser</u>, *supra*, a state probation officer was granted

absolute immunity for falsely preparing and submitting a pre-sentence report. The Court found that this function was "intimately associated with the judicial phase of the criminal process." Id. at 1490.

In this case, Plaintiff alleges that Defendant Matthew Lawrimore issued an arrest warrant without probable cause for a probation revocation. (Doc. 1-1, ¶¶ 60 and 61). Similar to the probation officer in Dorman, *supra*, who falsely issued an arrest warrant without probable cause for a probation violation, Defendant Lawrimore is entitled to absolute immunity for his actions. Plaintiff alleges that Defendant Ivrekia Stanley prepared and filed a violation of probation petition maliciously and without probable cause (Id. at ¶¶ 63 and 64), and that she sent an e-mail to the district attorney's office concerning the revocation hearing. (Id. at ¶ 66.). Similar to the parole officer in Holmes, *supra*, who falsely prepared and filed a petition to revoke parole, Defendant Stanley is entitled to absolute immunity for preparing and filing the petition to revoke probation. Similar to the letter written to the parole commission that contained false information in Allen, *supra*, Defendant Stanley is entitled to absolute immunity for the e-mail she sent to the district attorney's office. See, also, Holt v. Glenn, 361 Fed.Appx. 75, 77 (11th Cir. 2010) (probation officer was entitled to absolute immunity from liability arising from allegations he falsely testified at probation revocation hearing). Defendants

Lawrimore and Stanley are entitled to absolute immunity for all of their alleged actions.

Defendant Chiquiti Dean is also entitled to absolute immunity for all of her alleged actions. Plaintiff alleges that Defendant Dean destroyed an order terminating Plaintiff's probation that was not filed with the clerk, ordered Plaintiff to present proof of employment and earnings, then transmitted those records to the district attorney's office and testified falsely at the revocation hearing. (Doc #1, ¶¶ 18-21, 50, 56). All of Defendant Dean's alleged actions are associated with Plaintiff's probation. Absolute immunity was granted for falsely testifying at a probation revocation hearing in <u>Holmes</u>, *supra*. Defendant Dean is entitled to absolute immunity for the allegation of falsely testifying at Plaintiff's probation revocation hearing. Absolute immunity was granted for writing a letter falsely advising that a plaintiff was guilty of additional criminal charges to an entity responsible for prosecuting parole violations in <u>Allen</u>, *supra*. Similar to the letter written in <u>Allen</u>, Defendant Dean is entitled to immunity for allegedly transmitting documents to the district attorney's office. Absolute immunity is provided "even when the prosecutor knowingly used perjured testimony, *deliberately withheld exculpatory information* or failed to make full disclosure of all facts." <u>Hanzel v.</u>

Gerstein, 608 F.2d. 654, 657 (5th Cir. 1979) (emphasis added)[3].  Allegations that

Defendant Dean destroyed an order terminating Plaintiff's probation is certainly

similar to suppressing exculpatory evidence.  Therefore, Defendant Dean is

entitled to absolute immunity.

## 2.     Plaintiff Failed to State a Claim for Malicious Prosecution

Plaintiff fails to state a claim pursuant to 42 U.S.C. § 1983 for malicious

prosecution.  To establish a federal malicious prosecution claim under § 1983, a

plaintiff must prove: (1) the elements of common law tort of malicious

prosecution; and (2) a violation of his Fourth Amendment right to be free from

unreasonable seizures.  Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003).  State

law determines the liability of an individual defendant for malicious prosecution.

Id.  In Georgia, an action for malicious prosecution is governed by O.C.G.A. § 51-

7-40, which provides, "a criminal prosecution which is carried on maliciously and

without any probable cause and which causes damage to the person prosecuted

shall give him a cause of action."  To prevail on a malicious prosecution claim, a

plaintiff must show: (1) prosecution for a criminal offense; (2) instigated without

probable cause; (3) with malice; (4) under a valid warrant, accusations or

summons; (5) which is terminated favorably to the plaintiff; and (6) damages.

_____

[3]The 11th Circuit adopted all decisions of the 5th Circuit prior to September

<u>WalMart Store, Inc. v. Blackford</u>, 264 Ga. 612, 449 S.E.2d. 293 (1994). Plaintiff's malicious prosecution claim must fail because he cannot establish elements 1, 2 or 5.

     *a.     A probation revocation is not a criminal prosecution.*

A probation revocation is not a prosecution for a criminal offense. While there is no 11th Circuit authority directly on point as to whether a probation revocation can be the basis for a malicious prosecution claim, at least one federal court and several Georgia state court cases have determined that the wrongful commencement of a probation revocation proceeding is not a criminal prosecution. In <u>U.S. v. Whitney</u>, 649 F.2d. 296 (5th Cir., Unit B, 1981)[4], the court stated that "probation revocation proceedings are not designed to punish a criminal defendant for violation of a criminal law. The purpose of . . . probation revocation proceedings is to determine whether a . . . probationer has violated the conditions of his . . . probation." Several Georgia state court cases come to the same conclusion. In <u>State v. Thackston</u>, 289 Ga. 412, 716 S.E.2d. 517 (2011), the Georgia Supreme Court found that the exclusionary rule did not apply to probation revocation proceedings because they are not criminal trials. In <u>Morgan v. State,</u>

---

30, 1981. <u>Bonner v. City of Prichard, Al.</u>, 661 F.2d. 1206 (1981).
    [4]<u>U.S. v. Whitney</u>, *supra*, was decided before September 30, 1981, and is binding precedent in the 11th Circuit.

12

308 Ga.App. 69, 706 S.E.2d. 588 (2011), the Georgia Court of Appeals stated that "the general and accepted rule in the state and federal courts is that a proceeding to revoke a probated sentence of one convicted of a criminal offense is not a criminal proceeding." Id. at 71. Moreover, the definition of a criminal prosecution is defined by statute in Georgia. "Prosecution" means "all legal proceedings by which a person's liability for a crime is determined, commencing with the return of the indictment or the filing of the accusation, and including the final disposition of the case upon appeal." O.C.G.A. § 16-1-3(14). Therefore, a petition for probation revocation is not a criminal prosecution and Plaintiff has not stated a claim against Defendants for malicious prosecution.

      *b.    Probable cause existed for the prosecution of tax evasion and filing false documents.*

New criminal charges of tax evasion and filing false documents were the basis for Plaintiff's probation violation. (Doc. 1, Exhibits 15 and 16). To the extent that new criminal charges could form the basis of a malicious prosecution claim, probable cause existed. A grand jury indicted Plaintiff for tax evasion and filing false documents. (Doc. 1-1, ¶ 47). A grand jury indictment constitutes *prima facie* evidence that probable cause existed for the prosecution. Agbonghae v. Circuit City Stores, Inc., 214 Ga.App. 561, 448 S.E.2d 484, 486 (1994). Since Plaintiff was indicted by the grand jury, he must allege evidence that his

indictment was procured on knowingly false testimony that was given to the grand jury to rebut the *prima facie* evidence of probable cause. <u>Perry v. Brooks</u>, 175 Ga.App. 77, 332 S.E.2d. 375 (1985). Plaintiff's Complaint contains no such allegation. Therefore, probable cause existed to prosecute the Plaintiff for tax evasion and filing false documents and, accordingly, Plaintiff has not stated a claim against Defendants for malicious prosecution.

> c. *Prosecution for tax evasion and filings false documents have not been terminated in his favor.*

Finally, Plaintiff's prosecution has not been terminated in Plaintiff's favor. In this case, the criminal charges of tax evasion and filing false documents are currently pending against Plaintiff. (Doc. #1, ¶ 48). Since Plaintiff's criminal prosecution has not terminated in his favor, Plaintiff has failed to state a claim for malicious prosecution against Defendants.

## 3. Plaintiff Failed to State a Claim for False Arrest

Plaintiff fails to state a claim for false arrest. No action for false arrest or false imprisonment in violation of the Fourth Amendment will lie when a plaintiff is arrested pursuant to an arrest warrant. <u>Gresham v. Dell</u>, 630 F.Supp. 1135, 1136 (N.D.Ga. 1986). Further, "if the facts supporting an arrest are put before an intermediate such as a magistrate or a grand jury, the intermediate's decision breaks the causal chain and insulates the reporting party." <u>Williams v. City of</u>

Albany, 936 F.2d. 1256, 1260 (11th Cir. 1991).  In other words, once a warrant has been signed by a judge, the reporting party has no liability for false arrest.  <u>See</u>, <u>Grisham</u>, *supra* ("even an officer who acted with malice in procuring a warrant or indictment will not be liable if the facts supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or a grand jury . . .").

An arrest warrant obtained for Plaintiff's arrest was based on the fact that Plaintiff committed the new offenses of tax evasion and filing false documents. (Doc. 1-1 Exhibit 15).  The arrest warrant reviewed and signed Judge Simmons of the Clayton County Superior Court.  (Id.).  Since the arrest warrant was signed by Judge Simmons, the causal chain is broken and Defendants are insulated from liability as set forth in <u>Williams</u>, *supra*.

In addition, the existence of probable cause is an absolute bar to a § 1983 claim for false arrest.  <u>Case v. Eslinger</u>, 555 F.3d 1317, 1326-27 (11th Cir. 2009). As noted above, a grand jury indictment constitutes *prima facie* evidence that probable existed for the prosecution.  <u>Agbonghae v. Circuit City Stores, Inc.</u>, 214 Ga.App. 561 (1994).  Since Plaintiff was indicted by the grand jury, probable cause existed to arrest Plaintiff for tax evasion and filing false documents.  Therefore, Plaintiff fails to state a claim for false arrest.

    **4.**    **Plaintiff failed to state a claim of conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3).**

In order to state a claim for relief under 42 U.S.C. § 1985(3), a plaintiff must allege facts showing: 1) a conspiracy; 2) for purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the law; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured or deprived of any rights or privileges of a citizen of the United States.  Lucero v. Operation Rescue of Birmingham, 954 F.2d. 624, 627-28 (11th Cir. 1992).  The "second element requires a showing of some racial, or perhaps otherwise class - based, invidiously discriminatory amicus behind the conspirators' actions." Id.  A complaint alleging a conspiracy may be dismissed when it contains allegations of the conspiracy that are conclusory, vague and of a general nature.  Fullman v. Graddick, 739 F.2d. 553, 557 (11th Cir. 1984).  To "establish a *prima facie* case of conspiracy, the plaintiff must allege, among other things, that defendants reached an understanding to violate [the plaintiff's] rights." Eubanks v. Leslie, 210 Fed.Appx. 837, 842 (11th Cir. 2006).  This "heightened pleading standard" is imposed in conspiracy cases because "a defendant must be informed of the nature of the conspiracy which is alleged." Id.  For that reason, "it is not enough to simply allege in the complaint that a conspiracy exists." Id.  Allegations that identify which defendants conspired, that they reached an agreement to conspire, how they conspired and

how the conspiracy led to the deprivation of constitutional rights have been held to be sufficiently particular to properly allege a conspiracy.

In this case, Plaintiff has alleged no facts to show that there is an agreement to violate any of Plaintiff's constitutional rights. Plaintiff simply alleges that the three Defendants conducted separate acts that allegedly violated his rights and then generally alleges a conspiracy exists. The actions of Defendants do not rise to the level of a constitutional violation, let alone actions forming part of a conspiracy to engage in a constitutional violation. There are no facts alleging that the Defendants reached an understanding to violate Plaintiff's rights as required in Eubanks, *supra*. Therefore, Plaintiff has failed to state a claim under 42 U.S.C. § 1985(3).

**5.    Defendants are entitled to qualified immunity from Plaintiff's claims of false arrest, malicious prosecution, and conspiracy as alleged in Counts 4, 5 and 6 of Plaintiff's Complaint.**

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998) (citation omitted). When "[d]efendants assert[] the defense of qualified immunity in a Rule 12(b)(6) motion to dismiss, …

they are entitled to qualified immunity at th[at] stage in the proceedings if [the] complaint fails to allege a violation of a clearly established constitutional right." *Santamorena v. Georgia Military Coll.*, 147 F.3d 1337, 1340 (11th Cir. 1998) (quotation marks omitted). "Whether the complaint alleges the violation of a clearly established right is a question of law …." *Id.* "[T]he 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that '"insubstantial claims" against government officials [will] be resolved prior to discovery.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

"To receive qualified immunity, a government official first must prove that he was acting within his discretionary authority." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir.2003). "[T]he term 'discretionary authority' … include[s] all actions of a governmental official that (1) 'were undertaken pursuant to the performance of his duties,' and (2) were 'within the scope of his authority.'" *Jordan v. Doe*, 38 F.3d 1559, 1566 (11th Cir. 1994). Once the government official has satisfied this initial burden, the burden shifts to the plaintiff to show that the official is not entitled to qualified immunity. *Id*. at 1358. Here, the Complaint alleges that the individual Defendants Dean, Stanley and Lawrimore were acting within the scope of their duties and authority as probation officers employed in the Morrow Probation office of the Georgia Department of Corrections. (Complaint,

¶¶2-5).   Thus, there is no dispute these Defendants were acting in their discretionary authority.

Next, whether an official is entitled to qualified immunity is determined by a two-step inquiry: One inquiry is "whether the plaintiff's allegations, if true, establish a constitutional violation." *Barnett v. City of Florence*, 409 F.App'x 266, 270 (11th Cir. 2010) (citing *Hope v. Pelzer*, 536 U.S. 730, 736 (2002)). "If the facts, construed . . . in the light most favorable to the plaintiff, show that a constitutional right has been violated, another inquiry is whether the right violated was 'clearly established.'"  *Id*. (citing *Saucier v. Katz*, 553 U.S. 194, 201 (2001)). "Both elements of this test must be present for an official to lose qualified immunity, and this two-pronged analysis may be done in whatever order is deemed most appropriate for the case."  *Id*. (citing *Pearson v. Callahan*, 555 U.S. 223, 241).   The asserted constitutional right is clearly established if "a reasonable official would understand that what he is doing violates that right." *Bashir v. Rockdale Cnty*., 445 F.3d 1323, 1327 (11th Cir. 2006).  Whether relying on prior precedent or, in rare cases, obvious clarity, the touchstone is whether the violation would be apparent to a reasonable officer in the factual context with which he was presented. *Brosseau v. Haugen*, 543 U.S. 194, 198, 125 S. Ct. 596, 160 L. Ed. 2d 583 (2004) (official's awareness of an abstract right does not equate to knowledge

that his conduct may infringe that right); *see also Smith v. Mattox,* 127 F.3d 1416, 1419 (11th Cir. 1997). To be clearly established, the contours of the constitutional right "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful ... but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Holmes v. Kucynda*, 321 F.3d 1069, 1078 (11th Cir. 2003). "[T]he nub of the inquiry is whether 'the state of the law [at the time of the alleged violation]' gave the officials 'fair warning that their [acts were] unconstitutional.'" *Id.*

Plaintiff cannot defeat Defendants' qualified immunity defense because, as demonstrated above, Defendants' alleged actions did not violate any Constitutional rights. Plaintiff has failed to state a claim for false arrest, malicious prosecution, and conspiracy, and Defendants are shielded by absolute immunity. Further, Plaintiff fails to allege any conduct by the individual Defendants that has been clearly established to violate the Constitution.

Count 4 of Plaintiff's Complaint seeks redress for alleged false arrest related to Defendant Lawrimore's submission of an arrest warrant allegedly unsupported by oath or affirmation as well as Defendant Dean's failure to train and properly

supervise Lawrimore.  As a result, Plaintiff contends he was illegally seized.  It should be noted that although Count 4 purports to name Defendant Stanley, nowhere in the body of Count 4 is Defendant Stanley named nor are there any alleged wrongful acts attributed to Defendant Stanley.  (See Doc. 1-1, ¶ 108, Exhibit 15, ¶ 111).

Despite Plaintiff's allegation, the warrant in question on its face reflects it was sworn by Defendant Lawrimore on May 19, 2014 and later signed by Judge Matthew Simmons on May 22, 2014.  (See Doc. 1-1, Exhibit 15).  Thus, Plaintiff's claim that the facts in the warrant were unsupported by oath or affirmation is without merit.  Further, to the extent the arrest warrant can be construed as invalid, Plaintiff makes no allegation that Defendant Dean had knowledge of the contents of the warrant or that it was allegedly defective.  Finally, the warrant was reviewed and signed by Judge Matthew Simmons.  If "the facts supporting an arrest are put before an intermediate such as a magistrate or a grand jury, the intermediate's decision breaks the causal chain *and insulates the reporting party.*"  *Williams v. City of Albany*, 936 F.2d 1256, 1260 (11th Cir. 1991) (quoting *Rodriguez v. Ritchey*, 556 F.2d 1185, 1193 (5th Cir. 1977) (en banc)) (emphasis added).  It was not clearly established at the relevant time that the conduct alleged would rise to the level of a Constitutional violation.

The Plaintiff relies on the Fourth Amendment generally as support for his contention that his seizure was unjustified. However, the Fourth Amendment does not provide sufficient clarity such that the conduct alleged was clearly established to violate Plaintiff's Constitutional rights. While some general statements of law are capable of "clearly establishing" the law, when the applicable legal standard is highly general, "pre-existing case law, that has applied the general law to specific circumstances, will almost always be necessary." *Marsh v. Butler County, Ala.*, 268 F. 3d. 1014, 1032 n.9 (11th Cir. 2001). When there is no case directly on point, "it would be difficult for a court to find that the law on [the] issue was clearly established." *Justice v. City of Peachtree City*, 961 F.2d 188, 194 n.2 (11th Cir. 1992). Because the Fourth Amendment analysis is "inherently fact-specific" and does not "lend[] itself to clearly established law," obvious clarity cases under the Fourth Amendment are even more rare. *Coffin v. Brandau*, 642 F.3d 999, 1015, 1016 (11th Cir. 2011) (citing *United States v. Dunn*, 480 U.S. 294, 301 (1987)).

Likewise, it was not clearly established that the conduct alleged against Defendants Stanley and Lawrimore would establish a Fourth Amendment malicious prosecution violation as alleged in Count 5 of Plaintiff's Complaint. This count is based on the alleged defective warrant signed by Defendant Lawrimore and, presumably, his alleged failure to review the SCRIBE computer

system which would have disclosed the Plaintiff was not on probation. (Doc. 1-1, ¶ 150). As to Defendant Stanley, Plaintiff alleges only that in an interview she stated documents containing a judge's signature were not final until stamped into the Clerk's office. (Doc. 1-1, ¶ 36). Further that after Defendant Stanley and ten other witnesses testified, the trial court found by a preponderance of the evidence that it entered an order on behalf of Plaintiff terminating his probation in September, 2013. (Doc. 1-1, ¶ 46). And that Defendant Stanley filed a violation of probation petition after the arrest for probation revocation based on the warrant signed by Defendant Lawrimore. (Doc. 1-1, ¶ 63). Plaintiff contends both the warrant and violation of probation petition were maliciously filed and without probable cause because both Stanley and Lawrimore had access to the SCRIBE data system. It was not clearly established that Plaintiff's Constitutional rights would be violated based on the alleged facts.

Plaintiff claims the individual Defendants conspired to interfere with his Civil Rights in violation of the Fourteenth Amendment. Rather than facts, Plaintiff asserts mere conclusory allegations and recites to the elements of the claim, which is insufficient to state a claim. When a complaint is challenged on a motion to dismiss for failure to state a claim, a plaintiff must do more than point to conclusory allegations of the underlying legal elements of the claim; he must

"plead[] *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). The complaint must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A pleading that establishes no more than the possibility of unlawful conduct does not state a claim for relief. *See id.* The complaint must contain "factual enhancement" to support its assertions of unlawful conduct. *See Iqbal*, 129 S. Ct. at 1949. Plaintiff here has plead insufficient facts to state a plausible claim for conspiracy.

Plaintiff contends the individual Defendants' conspiracy was based on the illegal search of his employment and tax record in an effort to generate an indictment on new charges. Complaint, ¶ 137. Plaintiff bases this claim on the request of Defendant Dean that he provide his employment records for evaluation of his probation termination petition in violation of Georgia Law and GDC standard operating procedures. Complaint, ¶¶ 137 to 140. Defendant Dean, as further alleged, then transmitted the records reflecting tax evasion to the District Attorney Chief Investigator. Complaint, ¶ 140. However, these allegations do not clearly establish a Constitutional violation. Only constitutional provisions, federal

statutes, and judicial decisions of the United States Supreme Court, the Eleventh Circuit, and the Georgia Supreme Court can clearly establish law for qualified immunity purposes. *Marsh v. Butler Cnty.*, 268 F.3d at 1033 n.10 (11th Cir. 2001) (en banc).

Further, as to defendant Lawrimore and Stanley, it is alleged each had access to the SCRIBE computer system and "could have readily determined that Plaintiff was terminated off probation, yet without any personal knowledge of the facts surrounding the matter" each allegedly willingly and maliciously took out the warrant and alleged that Plaintiff violated the terms of his probation. (Doc. 1-1, ¶¶ 150-151). It was not clearly established that these allegations would rise to the level of a Constitutional violation. At best, Plaintiff alleges Defendants Lawrimore and Stanley were negligent. Defendants are entitled to qualified immunity and Plaintiff's complaint should be dismissed as a result.

This __3rd__ day of  May, 2016.

Respectfully submitted

APPELBAUM & HENEFELD, P.C.


s/ Paul A. Henefeld
Paul A. Henefeld
Georgia Bar No.:   346755
Eve A. Appelbaum
Georgia Bar No.:   020899
Attorney for Defendant Ivrekia
Stanley

9 Lenox Pointe NE, Suite B
Atlanta, GA 30324
404-841-1275
404-841-0248 (fax)
pah@aps-law.com
eaa@aps-law.com


OWEN, GLEATON, EGAN, JONES
& SWEENEY,L.L.P.

s/ Annarita L. McGovern
Annaria L. McGovern
Georgia Bar No.:   098141
Attorney for Defendant Chiquiti A.
Dean

179 Oeachtree St. NE, Suite 3000
Atlanta, GA 30309
404-688-2600
404-525-4347 (fax)
amcgovern@OG-Law.com

KEN DAVID & ASSOCIATES, LLC


s/ Vincent A. Toreno
Vincent A. Toreno
Georgia Bar No.:   714735
Attorney for Defendant Matthew
Lawrimore

229 Peachtree Street
International Tower, Suite 950
Atlanta, GA 30303
404-446-4476
Vince.toreno@kendavidlaw.com

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing was prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman typeface.

This  3rd day of  May, 2016.

Respectfully submitted

APPELBAUM & HENEFELD, P.C.

s/ Paul A. Henefeld
Paul A. Henefeld
Georgia Bar No.:   346755
Attorney for Defendant Ivrekia Stanley

9 Lenox Pointe NE, Suite B
Atlanta, GA 30324
404-841-1275
404-841-0248 (fax)
pah@aps-law.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN T. WALKER, Jr. | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: 1:15-cv-03602-WSD |
| | ) | |
| v. | ) | |
| | ) | |
| CHIQUITI A. DEAN, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed Defendant Dean, Stanley and Lawrimore's ***Brief in Support of Their Motion to Dismiss Plaintiff's Federal Claims*** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

(signature(s) on next page)

This  __3rd__  day of  May, 2016.

Respectfully submitted

APPELBAUM & HENEFELD, P.C.


s/ Paul A. Henefeld
Paul A. Henefeld
Georgia Bar No.:   346755
Attorney for Defendant Ivrekia
Stanley

9 Lenox Pointe NE, Suite B
Atlanta, GA 30324
404-841-1275
404-841-0248 (fax)
pah@aps-law.com
c:\l866\support mtd.wpd