**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**JOHN T. WALKER, JR.,**

               **Plaintiff,**

      **v.**                                     **1:15-cv-3602-WSD**

**CHIQUITI A. DEAN, et al.,**

               **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants Chiquiti A. Dean, Ivrekia Stanley, and Matthew Lawrimore's ("Defendants") Motion to Dismiss Plaintiff's Federal Claims [19].

**I.    BACKGROUND**

    A.    <u>Facts</u>

On February 3, 2011, Plaintiff John T. Walker, Jr. ("Plaintiff") pled guilty to felony crimes and was sentenced to five years of probation.  (Compl. [1.1] ¶ 12). On or about September 10, 2013, Plaintiff alleges a petition for early termination of Plaintiff's probation "was submitted by the Morrow Probation Office to the Clayton County Superior Court . . . ."  (<u>Id.</u> ¶ 18).  In September 2013, an order

granting his early termination was executed by the Clayton County Superior Court. (Id. ¶ 19).

Plaintiff alleges that the order was "picked up from the chambers of Judge Simmons and returned to the Morrow Probation Office, by probation Officer Andrew Scott . . . prior to it being filed with the clerk of the Superior Court." (Id. ¶ 20). Plaintiff claims the "order was thereupon later intercepted/voided or destroyed by Defendant CHIQUITI A. DEAN, without the knowledge or consent of the Clayton County Superior Court, prior to filing with the clerk of the Superior Court." (Id. ¶ 21). Plaintiff alleges Ms. Dean was the Chief Probation Officer employed in the Morrow Probation Office. (Id. ¶ 2). Plaintiff alleges that it was a routine practice of the Morrow Probation Office to destroy signed orders that had not yet been file-stamped if the orders were erroneous or needed corrections. (Id. ¶¶ 29, 30). He alleges Ms. Dean falsely testified that she destroyed an early termination petition prepared by the probation office before it was submitted to the judge. (Id. ¶ 39). Ms. Dean testified that Plaintiff was not eligible for early termination of probation because his was a "high profile" case. (Id. ¶ 40).

Plaintiff alleges that, on May 14, 2014, he was wrongfully indicted and arrested based on new charges of tax evasion and filing false documents. (Id. ¶ 47). The charges are currently pending. (Id. ¶ 48). Plaintiff alleges Ms. Dean

2

"ordered" Plaintiff to appear at the Morrow Probation Office to present evidence of his proof of employment and proof of earnings.  (Id. ¶ 50).  Ms. Dean then sent the documentation to the District Attorney's office, which led to Plaintiff's arrest for tax evasion and filing false documents.   (Id. ¶¶ 56, 57).

Plaintiff alleges that, based on the tax evasion charges, Defendant Lawrimore, a supervising probation officer, issued an arrest warrant for a probation revocation.  (Id. ¶¶ 60, 61).  On June 11, 2014, Plaintiff was arrested and incarcerated in the Clayton County jail.  (Id. ¶ 60).  He was released on July 1, 2014, "as a result of it being made known to the judge that Plaintiff [] was not still subject to probation."  (Id.).  Plaintiff alleges that the arrest warrant was issued without probable cause because he no longer was on probation, and the warrant was facially invalid because it was not supported by, and failed to contain, an oath or affirmation.  (Id. ¶¶ 61, 62).

Plaintiff alleges that, on June 26, 2014, Defendant Stanley, a supervisor in the Morrow Probation Office, prepared and filed a violation of probation petition maliciously and without probable cause, and that she sent an e-mail to the District Attorney's office concerning the revocation hearing.  (Id. ¶¶ 63-66).  He alleges Defendants Lawrimore and Stanley had access to the SCRIBE data entry system and that they could have determined Plaintiff's probation was terminated if they

had reviewed the SCRIBE system before they issued the arrest warrant and probation revocation petition.  (Id. ¶ 150).

B.    Procedural History

On September 8, 2015, Plaintiff filed his Complaint in the Superior Court of Clayton County, Georgia.  In his Complaint, Plaintiff asserts against Defendants Dean, Stanley, and Lawrimore the following federal claims:  (i) a claim under 42 U.S.C. § 1983 ("Section 1983") based on false arrest in violation of the Fourth Amendment (Count Four); (ii) a Section 1983 claim based on malicious prosecution in violation of the Fourth Amendment (Count Five); and (iii) a claim under 42 U.S.C. §1985(3) alleging a conspiracy to interfere with civil rights in violation of the Fourteenth Amendment (Count Six).  Plaintiff seeks attorneys' fees from Defendants in their individual capacities under 42 U.S.C. § 1988 (Count Nine).  Plaintiff asserts state law claims for (i) failure to perform official ministerial duty required by law, O.C.G.A. § 50-21-24 (Count One); (ii) misfeasance and malfeasance in office, O.C.G.A. § 50-21-24 (Count Two); (iii) negligence per se – tampering with evidence, O.C.G.A. § 51-1-6; (iv) declaratory judgment and injunctive relief (Count Seven); and (v) attorneys' fees and expenses of litigation, O.C.G.A. § 13-6-11 (Count Eight).

On October 9, 2015, Defendants filed their Notice of Removal [1] in this Court. On October 15, 2015, Plaintiff filed his Motion to Amend Complaint [3], seeking to amend his Complaint to remove all federal claims. The same day, Plaintiff filed his Motion to Remand to State Court [7]. Also on October 15, 2015, Defendants filed several motions to dismiss Plaintiff's state law claims [6], [8], [10].

On November 12, 2015, Plaintiff filed his Notice of Filing Withdrawal of Notice of Amended Complaint [15]. Plaintiff's original Complaint, including his federal claims, thus remained the operative complaint.

On May 3, 2016, Defendants filed their Motion to Dismiss. In it, they claim that, because all of Defendants' actions were associated with Plaintiff's probation, Defendants are entitled to absolute immunity from Plaintiff's claims. (Br. in Supp. of Mot. to Dismiss [19.1] ("Br.") at 5). Defendants also argue that Plaintiff fails to state a claim against Defendants for false arrest, malicious prosecution and conspiracy to violate Plaintiff's civil rights. (Id.). They claim they are entitled to qualified immunity from suit. (Id.).

Plaintiff did not respond to Defendants' Motion to Dismiss, and it is deemed unopposed. L.R. 7.1(B), NDGa.

5

## II.     DISCUSSION

### A.     Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  This requires more than

the "mere possibility of misconduct."  Am. Dental, 605 F.3d at 1290 (quoting

Iqbal, 556 U.S. at 679).  The well-pled allegations must "nudge[] their claims

across the line from conceivable to plausible."  Id. at 1289 (quoting Twombly, 550

U.S. at 570).

      B.    Analysis

          1.    Malicious Prosecution

Defendants argue that Plaintiff fails to state a claim for malicious

prosecution under 42 U.S.C. § 1983.  Malicious prosecution is a violation of the

Fourth Amendment and is a viable constitutional tort cognizable under Section

1983.  Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003).  To establish a federal

malicious prosecution claim under Section 1983, a plaintiff must prove a violation

of his Fourth Amendment right to be free from unreasonable seizures in addition to

the elements of the common law tort of malicious prosecution.  Id.  In Wood, the

Eleventh Circuit stated that, looking to both federal law and Georgia law, the

constituent elements of the common law tort of malicious prosecution for Section

1983 purposes include:  (1) a criminal prosecution instituted or continued by the

present defendant; (2) with malice and without probable cause; (3) that terminated

7

in the plaintiff's favor; and (4) caused damage to the plaintiff accused.  Id. at 882.

Plaintiff's malicious prosecution claim is based on Defendant Lawrimore procuring an arrest warrant for a probation revocation.  (Id. ¶¶ 60, 61, 120). Defendants claim that a probation revocation is not a prosecution for a criminal offense for purposes of a Section 1983 claim for malicious prosecution.  (Br. at 12).  The Court agrees.  "[N]o court has held that a probation violation is tantamount to a criminal prosecution."  Zabresky v. Von Schmeling, Civil Action No. 3:12-0020, 2014 WL 414248, at *5 (M.D. Pa. Feb. 4, 2014) (granting summary judgment on malicious prosecution claim).  "Probation revocation, like parole revocation, is not a stage of a criminal prosecution, but does result in a loss of liberty."  Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973); see also Morgan v. State, 706 S.E.2d 588, 589-90 (Ga. Ct. App. 2011) ("The general and accepted rule in the state and federal courts is that a proceeding to revoke a probated sentence of one convicted of a criminal offense is not a criminal proceeding. Indeed, a criminal prosecution and a probation revocation proceeding based on the same occurrence actually have nothing to do with each other." (internal quotation marks and footnotes omitted)).  Thus, a petition for probation revocation is not a criminal prosecution for purposes of a Section 1983 claim for malicious

8

prosecution, and Defendants' Motion to Dismiss Plaintiff's malicious prosecution

claim (Count Five) is granted.[1]

> 2.     Section 1985(3) Conspiracy

Defendants next move to dismiss Plaintiff's Section 1985(3) claim of

conspiracy to interfere with civil rights.  To state a claim for relief under Section

1985(3), a plaintiff must allege sufficient facts reflecting:

> (1) a conspiracy, (2) for the purpose of depriving, either directly or
> indirectly, any person or class of persons of the equal protection of the
> laws, or of equal privileges and immunities under the laws; and (3) an
> act in furtherance of the conspiracy, (4) whereby a person is either
> injured in his person or property or deprived of any right or privilege
> of a citizen of the United States.

Jimenez v. Wizel, ⸺ F. App'x ⸺, 2016 WL 626028, at *5-6 (11th Cir. Feb. 17,

2016) (quoting Childree v. UAP/GA CHEM, Inc., 92 F.3d 1140, 1146-47 (11th

Cir. 1996).  "For purposes of the second element, the plaintiff must properly plead

an allegation that 'some racial or perhaps otherwise class-based, invidiously

---

[1]     To the extent Plaintiff seeks to assert a malicious prosecution claim on the basis of his prosecution for tax evasion and filing false documents, his claim fails because he was indicted by a grand jury, (Compl. ¶ 47).  A grand jury indictment constitutes prima facie evidence that probable cause existed for the prosecution. Agbonghae v. Circuit City Stores, Inc., 448 S.E.2d 484, 486 (Ga. Ct. App. 1994). Plaintiff did not respond to the Motion to Dismiss, and he thus fails to show "specific facts tending to show that probable cause did not exist for his arrest . . . ." Id.

discriminatory animus lay behind the conspirators' action.'" Id. (alterations omitted) (quoting Childree, 92 F.3d at 1147).

Plaintiff's Complaint fails to allege that he was subject to race discrimination or that he was a member of some other protected class. Plaintiff alleges only that Defendants "created classifications of probationers based upon whether the probationer's case had received media attention or not." (Compl. ¶ 141). Plaintiff does not provide, and the Court is unable to find, any authority that this purported class of high profile probationers is a protected class for purposes of the second element of a Section 1985(3) conspiracy claim. Defendants' motion to dismiss Plaintiff's Section 1985(3) claim (Count Six) is granted.

### 3.   False Arrest

Defendants next move to dismiss Plaintiff's Section 1983 claim for false arrest. A warrantless arrest without probable cause violates the Constitution and provides a basis for a Section 1983 claim. Kingsland v. City of Miami, 382 F.3d 1220, 1226 (11th Cir. 2004). The existence of probable cause at the time of arrest, however, constitutes an absolute bar to a Section 1983 action for false arrest. Id. Probable cause to arrest exists when an arrest is objectively reasonable based on the totality of the circumstances. Id. "This standard is met when the facts and

circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."  Id. (internal quotation marks omitted).

It is, at best, doubtful that Plaintiff's Complaint states a claim for false arrest under Section 1983.  Plaintiff does not allege that the arresting officer lacked probable cause to arrest him.  Plaintiff does not allege who arrested him, or under what circumstances the arrest took place.  Plaintiff's Complaint contains only the bare assertion that the warrant for his arrest "was issued without probable cause because the Plaintiff was no longer on probation, therefore, there was no cause to arrest him for a probation revocation."  (Compl. ¶ 61).  This allegation does not address whether the arresting officer lacked probable cause to arrest Plaintiff.  Further, if "the facts supporting an arrest are put before an intermediate such as a magistrate or a grand jury, the intermediate's decision breaks the causal chain and insulates the reporting party."  Williams v. City of Albany, 936 F.2d 1256, 1260 (11th Cir. 1991).  When an arrest is made under authority of a properly issued

warrant or indictment, the arrest is not a false arrest.[2]  Gresham v. Dell, 630 F. Supp. 1135, 1136 (N.D. Ga. 1986) ("Even an officer who acted with malice in procuring a warrant or indictment will not be liable if the facts supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or grand jury . . . .").[3]  Here, the arrest warrant was signed by Judge Simmons, thus breaking the causal chain and insulating Defendants from liability for false arrest.

Even if Plaintiff's Complaint stated a claim of false arrest under Section 1983, the claim is required to be dismissed because Defendants are entitled to qualified immunity.  "Qualified immunity offers complete protection for individual public officials performing discretionary functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Sherrod v. Johnson, 667 F.3d 1359, 1363

---

[2]      As explained below in further detail, Plaintiff's allegation that the arrest warrant was facially defective is directly contradicted by the warrant itself, which is attached to Plaintiff's Complaint.

[3]      Plaintiff also fails to allege that any of the Defendants actually participated in Plaintiff's arrest.  There is some authority that non-arresting officers are not liable under Section 1983 for false arrest.  See Sappington v. Bartee, 195 F.3d 234, 237 (5th Cir. 1999) (claims for false arrest under Section 1983 only lie against officers who participate in an arrest); see also Galarnyk v. Fraser, Civil No. 08-3351, 2011 WL 3678433, at *5 (D. Minn. Aug. 22, 2011) ("Claims of false arrest against non-arresting officers generally fail."); but see Shattuck v. Town of Stratford, 233 F. Supp. 301, 313-14 (D. Conn. 2002) (claims for Section 1983 false arrest can be brought against individuals other than the arresting officer).

(11th Cir. 2012) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "'Once discretionary authority is established, the burden then shifts to the plaintiff to show that qualified immunity should not apply.'" Edwards v. Shanley, 666 F.3d 1289, 1294 (11th Cir. 2012) (quoting Lewis v. City of W. Palm Beach, 561 F.3d 1288, 1291 (11th Cir. 2009)). To meet this burden, a plaintiff must establish that "the officer's conduct amounted to a constitutional violation" and "the right violated was 'clearly established' at the time of the violation." City of W. Palm Beach, 561 F.3d at 1291. This two-step analysis may be done in whatever order is deemed most appropriate for the case. Id. (citing Pearson v. Callahan, 555 U.S. 223, 236 (2009)).

The clearly established law must provide a defendant with "fair warning" that defendant's conduct deprived plaintiff of a constitutional right. Hope v. Pelzer, 536 U.S. 730, 739-41 (2002). A plaintiff "can demonstrate that the contours of the right were clearly established in several ways." Terrell v. Smith, 668 F.3d 1244, 1255 (11th Cir. 2012). First, a plaintiff can show that "a materially similar case has already been decided." Id. (internal quotation marks and citations omitted). Second, a plaintiff can point to a "broader, clearly established principle [that] should control the novel facts [of the] situation." Id. (internal quotation marks and citation omitted). "Finally, the conduct involved in the case may 'so

13

obviously violate[ ] th[e] constitution that prior case law is unnecessary.'" Id. (citation omitted).  "[E]xact factual identity with a previously decided case is not required, but the unlawfulness of the conduct must be apparent from preexisting law." Coffin v. Brandau, 642 F.3d 999, 1013 (11th Cir. 2011).

Here, Plaintiff's Complaint alleges that Defendants acted within the scope of their duties and authority as probation officers employed in the Morrow Probation office of the Georgia Department of Corrections.  (See Compl. ¶¶ 2-5, 106).  The burden thus shifts to Plaintiff to show that qualified immunity should not apply. Edwards, 666 F.3d at 1294.  Plaintiff failed to respond to Defendants' Motion to Dismiss, and therefore has not proffered any argument to meet his burden to show Defendants are not entitled to qualified immunity.  Plaintiff's Complaint alleges that the arrest warrant procured by Defendant Lawrimore "was facially invalid, as it was not supported by, and failed to contain, an oath or affirmation, as required by the text of the Fourth Amendment."  (Compl. ¶ 62).  As Defendants point out, the arrest warrant attached to Plaintiff's Complaint on its face states it was sworn to by Defendant Lawrimore on May 19, 2014.  ([1.2] at 80).  The Complaint also alleges that the warrant "failed to contain an affidavit of sworn facts," and that, at that time, "the law was clearly established . . . that a law enforcement officer must support an application for an arrest warrant with an affidavit under oath attesting to

14

the commission of acts constituting the commission of a crime sufficient to justify seizure of the person . . . ." (Compl. ¶¶ 108-109). The warrant, sworn to by Lawrimore, states that, "[o]n or about 08/08/2012 the defendant committed the new offenses of Unlawful Filing of False Documents (m) and Evasion of Income Tax (F) . . . ." ([1.2] at 80). The contents of the arrest warrant directly contradict the only assertions in Plaintiff's Complaint that could support that Defendants are not entitled to qualified immunity.[4] Plaintiff fails to meet his burden to show that Defendants are not entitled to qualified immunity, and Defendants' Motion to Dismiss Plaintiff's Section 1983 false arrest claim (Count Four) is granted.[5]

### 4.   Plaintiff's Remaining Claims

Plaintiff's federal claims having been dismissed, the Court considers whether to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Where "no basis for original federal jurisdiction presently exists, the district court has the discretion to decline to exercise supplemental jurisdiction." Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty., 402 F.3d 1092, 1123

---

[4]   The Court notes also that Plaintiff does not cite any authority to support that it is a violation of a clearly established right to apply for an arrest warrant without supporting the application with an affidavit.

[5]   Because the Court finds Plaintiff's federal claims independently fail, the Court declines to address whether Defendants are entitled to absolute immunity from suit.

(11th Cir. 2005) (citing 28 U.S.C. § 1367(c)); see also Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1288 (11th Cir. 2002) (whether to continue to exercise supplemental jurisdiction is a decision that "should be and is vested in the sound discretion of the district court").  Here, the Notice of Removal alleges that the Court has original jurisdiction, pursuant to 28 U.S.C. § 1331, over Plaintiff's federal law claims.  (Notice of Removal ¶ 2).  Plaintiff's federal claims have been dismissed.  The parties are not diverse, and the Court does not have any basis, other than supplemental jurisdiction, for jurisdiction over Plaintiff's state law claims.  The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  Accordingly, this action is remanded to the Superior Court of Clayton County, Georgia.[6]

## III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants Chiquiti A. Dean, Ivrekia Stanley, and Matthew Lawrimore's Motion to Dismiss Plaintiff's Federal Claims [19] is **GRANTED**.

---

[6]    Because the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, the Court denies as moot Defendants' motions to dismiss Plaintiff's state law claims [6], [8], [10].

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss Plaintiff's state law claims [6], [8], [10] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Superior Court of Clayton County, Georgia.

**SO ORDERED** this 13th day of June, 2016.

William S. Duffey

_____

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE